# Sally J.M. Butler
Attorney at Law
42-40 Bell Boulevard, Suite 302
Bayside, New York 11361
(718) 2794500

July 1, 2015

<u>By ECF</u>

Honorable Kiyo A. Matsumoto
United States District Court
225 Cadman Plaza
Brooklyn, New York 11201

      Re:   <u>United States v. Charles Jones</u>
              Criminal Docket 10 CR 809

Dear Judge Matsumoto:

      This letter is submitted for Your Honor's consideration in the sentencing of Charles Jones. A sentencing letter was previously submitted to This Court on November 11, 2013 and is incorporated herein by reference. Undersigned counsel submitted objections to the Presentence Report (PSR) to the Department of Probation on December 26, 2012. As a result, an Addendum to the PSR was issued on January 28, 2013. A second addendum was issued on March 31, 2015. The defendant has no objections to either addendum to the PSR.

      On June 9, 2015, the government submitted a letter to the Court seeking to justify the two level enhancement for the possession of a firearm under Guidelines Section 2D1.1(b). The government has advised undersigned counsel that they are *not* seeking a <u>Fatico</u> hearing to prove this specific offense characteristic. Instead, the government in their letter relies upon the testimony from a trial of which the defendant was not a participant. The defendant did not cross-examine these witnesses nor was the defendant provided 3500 materials for these witnesses. The defendant objects to the government's reliance upon the testimony of any proceeding to which the defendant was not a party.

*"Safety Valve" Eligibility*

      As detailed in the defendant's earlier sentencing letter, it is the defendant's position that he is "safety-valve" eligible. Oddly, the government does not address this issue in their letter of June 9, 2015. Mr. Jones is entitled to safety-valve relief even if his co-defendant(s) possessed a firearm. The five guideline required criteria include: (1) defendant does not have more

than one criminal history point; (2) defendant did not use violence or possess a firearm or induce another to possess; (3) offense did not result in death or serious bodily injury; (4) defendant was not an organizer or leader of the offense; and, (5) defendant has complied with the Government's demands for information. See U.S.S.G. § 5C1.2.

Upon the submission of a truthful statement, the defendant will have satisfied all five prongs of U.S.S.G. 5C1.2, see paragraph 29 of the Probation report. See generally, *U.S. v. Herrera*, 446 F.3d. 283 (2d Circuit 2006), *United States v. Zavalza-Rodriguez*, 379 F.3d 1182, 1188 (10th Cir.2004); *United States v. Nelson,* 222 F.3d 545, 551 (9th Cir.2000), *U.S. v. Carillo-Ayala*, No. 11-14473 (11th Circuit March 22, 2013) .

For purposes of "safety valve" consideration, possession of a firearm does not include reasonably foreseeable possession of a firearm by co-conspirators. First, the commentary to the pertinent section adds that "[c]onsistent with § 1B1.3 (Relevant Conduct), the term 'defendant,' as used in subdivision (2), limits the accountability of the defendant to his own conduct and conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." U.S.S.G. § 5C1.2, comment. (n.4).3 This commentary, which tracks the language of section 1B1.3(a)(1)(A), implicitly rejects the language of section 1B1.3(a)(1)(B) which holds defendants responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." It is this "reasonably foreseeable" language that allows a defendant to be held responsible for a firearm under section 2D1.1(b)(1) even when he physically possessed no firearm. Second, the plain language of section 5C1.2 requires that the defendant "possess a firearm or induce another participant to do so·" If "possession" in section 5C1.2 encompassed constructive possession by a co-defendant, then "induce another participant to [possess]" would be unnecessary.

Mere possession by a co-defendant, therefore, while sufficient to trigger section 2D1.1(b)(1), is insufficient to knock a defendant out of the safety-valve protections of section 5C1.2. For the purposes of section 5C1.2(2), Jones neither possessed a weapon nor induced another participant to do so. The defendant is entitled to safety-valve relief even if his co-defendant possessed a firearm. Moreover, the Probation Department agrees with the defendant that in these circumstances he remains "safety valve" eligible. See PSR ¶29 and Addendum.

As the government is not seeking a Fatico hearing and has denied the defendant an opportunity to proffer, the defendant is requesting his proffer be heard by the Court prior to his sentencing.

<u>Offense Level Computation</u>

As detailed in the Second Addendum of the PSR, the defendant is entitled to the benefit of Amendment 782 effective November 1, 2014.

According to the advisory guidelines, the following calculations apply:

Page 3

| | |
|---|---:|
| Base Offense Level:  U.S.S.G. § 2D1.1(a)(5) | 30 |
| Less:  Safety Valve | -2 |
| Less:  Acceptance of Responsibility U.S.S.G. § 3E1.1(a) | -2 |
| **Total Offense Level:** | **26** |

Should the Court determine that the defendant has satisfied the mitigating factors in 18 U.S.C. §3553(f), the Court is not bound by the mandatory minimum ten years. Based upon a total offense level of 26 and a criminal history category I, the Guideline imprisonment range is 63 to 78 months. Should the Court determine that a 2 point enhancement is warranted pursuant to 2B1.1(b), and the defendant completes the requirements for a safety valve reduction, the total offense level would be 28 with a guideline range of 78-97. Should the Court deny the defendant safety valve relief and assess a two point enhancement, the total offense level is 30 with a guideline range of 97-121, however, the mandatory minimum remains 120 months.

Respectfully submitted,

*Sally Butler*

Sally Butler

cc: Tyler Smith, AUSA
    Erin Stewart, USPO